**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| 2020 Processing, LLC, an Arizona limited liability company, <br><br>                Plaintiff <br><br>    v. <br><br> RC Warranty Services, LLC, a Michigan limited liability company (fka, Reliable Care Warranty Services, LLC);  Reliable Care Automotive, LLC, a Florida limited liability company; Reliable Care Automotive Services, LLC, a Florida limited liability company; Newtech Financial Services, LLC, a Michigan limited Liability company; Garret J. Whaley and Jane Doe Whaley, individually and on behalf of their marital community; Dan Whaley and Joan Doe Whaley, individually and on behalf of their marital community; and Joel A. Colon and Jane Doe Colon, individually and on behalf of their marital community, <br><br>                Defendant(s). | Case No. |

## <u>VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS</u>

Plaintiff 2020 PROCESSING, LLC, an Arizona limited liability company ("2020" or "Plaintiff"), for its Verified Complaint Re Trademark Infringement against RC Warranty Services, LLC,  a Michigan limited liability company (fka, Reliable Care Warranty Services, LLC),  Reliable Care Automotive, LLC, a Florida limited liability company, Reliable Care Automotive Services, LLC, a Florida limited liability company, Newtech Financial Services, LLC, a Michigan limited Liability company, Garret J. Whaley and Jane Doe Whaley, individually and on behalf of their marital community, Dan Whaley and Joan Doe Whaley, individually and on behalf of their marital community, and Joel A. Colon and Jane Doe Colon, individually and on behalf of their marital community, (collectively the "Defendants"), alleges as

follows:

## I. NATURE OF THE CASE

1.      This is a Complaint for Trademark Infringement under Sections 32 and 43 of the Lanham Act, Contributory Trademark Infringement or Secondary trademark infringement and Vicarious Trademark Infringement arising under Sec. 43 of the Lanham Act for unfair competition, false designation of origin and false representation, 15 U.S.C. § 1125(a), cyber piracy under 15 U.S.C. § 1125(d), and for related claims of trademark infringement under the common law and the statutory law of the State of Arizona, and actions for damages arising from the civil conspiracy between all defendants.  It seeks both damages and an injunction for the things about which it complains.

## II. JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a). This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3.      This Court has specific personal jurisdiction over Defendants RC Warranty Services, LLC, a Michigan limited liability company (formerly known as Reliable Care Warranty Services, LLC  and hereinafter referred to as "Reliable Warranty"), Reliable Care Automotive, LLC, a Florida limited liability partnership, aka Reliable Care Automotive Services, LLC, a Florida limited liability company (collectively "Reliable Automotive"), Newtech Financial Services, LLC, a Michigan limited liability company ("Newtech"), Garret J. Whaley and Jane Doe Whaley, individually and on behalf of their marital community (collectively "GWhaley"), Dan Whaley and Joan Doe Whaley, individually and on behalf of their marital community (collectively "DWhaley"), and Joel A. Colon and Jane Doe Colon, individually and on behalf of their marital

community (collectively "Colon"), in that Defendants Reliable Warranty, Reliable Automotive, Newtech, GWhaley, DWhaley and Colon transacted and solicited business in this District (and throughout the United States as noted in **Exhibit F**) regularly and purposefully and have had systematic and continuous contacts, directly and indirectly, with this District. Defendants had contracted to supply products and services to this District and received payment for such products from this District. Defendants solicited business from individuals and entities in this District through the internet and through programs employing agents and local dealerships. Defendants also conspired amongst themselves to take actions that were directed at Plaintiff and Plaintiff's trademarks in this District and throughout the United States. On information and belief, the revenues received by Defendants from sales of products and services through the infringement of Plaintiff's mark are substantial.

4.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(2) in that a substantial part of the events giving rise to 2020's claim have occurred and will occur in this District. Venue is also proper in this District as Defendants are subject to jurisdiction in this District. Further, pursuant to 2020's agreements with American Guardian Warranty Services ("American Guardian") to act as an administrator of programs offered by American Guardian utilizing 2020's marks, 2020 is subject to the exercise of jurisdiction of Courts in Illinois. Finally, to the extent applicable venue is proper pursuant to 28 U.S.C. §1400

### III. PARTIES

5.     Plaintiff, 2020 Processing, LLC is a limited liability company organized under the laws of the State of Arizona, having a principal place of business in Maricopa County. 2020 is the owner of the rights to the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE

EXTEND and RELIABLE PREMIER registered marks.

6.      Reliable Warranty is a limited liability company purportedly organized and existing under the laws of the State of Michigan, having principal places of business at 3305 E Beaver Rd, Bay City, MI 48706 and 3701 S Harvard Ave., Suite A Box 365, Tulsa, OK 74135. Reliable Warranty is, upon information and belief, owned by GWhaley, DWhaley and Colon. Reliable Warranty is managed by GWhaley and Colon.

7.      Reliable Automotive is a limited liability company purportedly organized and existing under the laws of the State of Florida, having principal places of business at 3305 E Beaver Rd, Bay City, MI 48706 and 3701 S Harvard Ave., Suite A Box 365, Tulsa, OK 74135. Reliable Automotive is also known as Reliable Care Automotive Services, LLC and owned by GWhaley, DWhaley and Colon. Reliable Automotive is managed by GWhaley and Colon. Reliable Automotive also operates under the assumed business name of Reliable Warranty.

8.      Reliable Warranty, Reliable Automotive, GWhaley, DWhaley and Colon own, operate and maintain a domain and website with Go Daddy, located in Maricopa County, Arizona at http://www.reliablecarewarranty.com.

9.      Reliable Warranty, Reliable Automotive, Newtech, GWhaley, DWhaley and Colon conducted and continue to market and conduct business utilizing "Reliable Care;" "Reliable Care Vehicle Protection Plans;" "Reliable Care Warranty;" "Reliable Care Warranty Services;" "Reliable Care Automotive;" "Reliable Care Guaranteed Asset Protection;" "reliablecarewarranty.com" and "Reliable Care Gap" (collectively the "Reliable Care Marks"), offering vehicle service contracts ("VSC") and related warranty agreements (a "VSC"), VSC programs and administration services for providers/obligors on the VSCs. Reliable Warranty, Reliable Automotive, Newtech, GWhaley, DWhaley and Colon offer such goods, services,

agreements, contracts to consumers and/or programs to agents and dealerships in the majority of the states in the United States, including Arizona. Upon information and belief, Reliable Warranty, Reliable Automotive, Newtech, GWhaley, DWhaley and Colon utilize contracts and programs offered, provided and/or administered by Old Republic Insured Automotive Services, Inc., Minnehoma Automobile Association, Inc. ORIAS Warranty Services, Inc. and/or Nation Safe Drivers.

10.     VSCs and VSC programs utilizing 2020's registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER are marketed and offered to independent contractor agents, who in turn market them to dealerships to sell to consumers. The VSCs and VSC programs are registered and offered in all of the individual states in the United States through American Guardian and/or other authorized "obligors".

### IV.  FACTUAL BACKGROUND

11.     RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER are not only trade names under which Plaintiff's company does business, but the most important and easily recognized identifier of the products utilizing its marks, including VSCs. Plaintiff began using the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks in 2011. There is a particularly close association with agents, automobile dealers, finance companies and their customers with Plaintiff's business, the registered marks, and the VSCs offered under the marks as well as variations of the marks. For thousands of dealers and customers, the names RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER have come to represent excellent quality, fast service, fair pricing and outstanding value for VSCs and programs.

5

12. The RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks are inherently distinctive and have substantial secondary meaning as a designation of the source of a VSC and/or a VSC program that Plaintiff developed. The programs offered by American Guardian utilizing Plaintiff's marks are administered nationwide via the Internet using the registered marks. American Guardian and Plaintiff have used the Internet continuously and broadly over the years as a commercial medium under variations of the marks, including but not limited to http://www.reliableprotection.com and http://www.reliabledealersolutions.com. Plaintiff offers administrative services in connection with American Guardian's VSC programs using Plaintiff's marks via a network of independent contractor agents. Thousands of VSCs using Plaintiff's marks have been marketed and sold by dealers under contract with American Guardian and administered nationwide in all of the various States.

13. Plaintiff is the owner of the RELIABLE PROTECTION mark. RELIABLE PROTECTION is a federal trademark registered with the USPTO on the principal register, Reg. No. 4,446,161, for extended warranty services, namely service contracts, and warranty claims administration services, namely processing warranty claims for automobile extended warranties, in Class 36 (U.S. Cls 100, 101 and 102). A copy of the RELIABLE PROTECTION Registration Statement is attached hereto as **Exhibit A** and incorporated by reference.

14. Pursuant to Articles of Amendment and Merger, approved by both the Virginia corporation commission and the Arizona Corporation Commission, 2020 Processing, LLC, a Virginia limited liability company, was merged with 2020 Processing, LLC, an Arizona limited liability company, and all assets were transferred to 2020 Processing, LLC, an Arizona limited liability company, effective as of February 4, 2014. A copy of the Articles of Amendment and

Merger on file with the Secretary of State of Arizona is attached hereto as **Exhibit B** and incorporated by reference. Plaintiff has also filed applicable assignment documents with the USPTO reflecting the transfer of the above referenced marks.

15. Plaintiff is the owner of the RELIABLE ENHANCED mark. The RELIABLE ENHANCED mark is a federal trademark registered with the USPTO on the principal register, Reg. No. 4,780,261, for extended warranty services, namely service contracts, and warranty claims administration services, namely processing warranty claims for automobile extended warranties, in Class 36 (U.S. Cls 100, 101 and 102). A copy of the RELIABLE ENHANCED Registration Statement is attached hereto as **Exhibit C** and incorporated by reference.

16. Plaintiff is the owner of the RELIABLE EXTEND mark. The RELIABLE EXTEND mark is a federal trademark registered with the USPTO on the principal register, Reg. No. 4,780,262, for extended warranty services, namely service contracts, and warranty claims administration services, namely processing warranty claims for automobile extended warranties, in Class 36 (U.S. Cls 100, 101 and 102). A copy of the RELIABLE ENHANCED Registration Statement is attached hereto as **Exhibit D** and incorporated by reference.

17. Plaintiff is the owner of the RELIABLE PREMIER mark. The RELIABLE PREMIER mark is a federal trademark registered with the USPTO on the principal register, Reg. No. 4,780,264, for extended warranty services, namely service contracts, and warranty claims administration services, namely processing warranty claims for automobile extended warranties, in Class 36 (U.S. Cls 100, 101 and 102). A copy of the RELIABLE PREMIER Registration Statement is attached hereto as **Exhibit E** and incorporated by reference.

18. On August 7, 2017, Plaintiff became aware that Reliable Warranty, Reliable Automotive and Newtech (acting in concert with GWhaley, DWhaley and Colon) were infringing

(and were continuing to infringe) on the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND, and RELIABLE PREMIER marks by marketing VSCs and VSC programs using the deceptively similar Reliable Care Marks, through a variety of first and second tier marketing venues, including directly on the Internet via a website at ReliableCareWarranty.com, and to agents, dealers and consumers, as well as to financing companies (to allow consumers to obtain financing).

19. In fact, Plaintiff was contacted by a dealer that expressed concern and confusion over Defendants' program and products that were being presented to the dealer, when the dealer was already under contract with American Guardian on a program utilizing Plaintiff's marks.

20. Reliable Warranty, Reliable Automotive and Newtech (acting in concert with GWhaley, DWhaley and Colon) developed a marketing strategy to intentionally interfere with and divert sales of VSCs utilizing Plaintiff's marks with VSCs utilizing the deceptively similar Reliable Care Marks. Upon information and belief, one such strategy involved GWhaley, DWhaley and Colon instructing Agents and sales representatives to contact dealers (that have contracts with American Guardian to sell VSCs utilizing Plaintiff's marks) with a sales approach indicating that a new "dealer" contract had to be executed because a new "insurer" was backing the VSCs.

21. Reliable Warranty, Reliable Automotive and Newtech (acting in concert with GWhaley, DWhaley and Colon) also developed a marketing brochure to intentionally make their VSCs appear to be VSCs utilizing Plaintiff's RELIABLE ENHANCED mark, by numerous and repetitive strategic placement of the capitalized word "ENHANCED" in the description of "Reliable Care" VSCs. A copy of one of the offending brochures used in marketing by the Defendants is attached hereto as **Exhibit F** and incorporated by reference. Upon information and

belief, GWhaley, DWhaley and Colon each personally strategized, participated, and agreed between and amongst each other in developing the deceptively similar Reliable Care Marks, the creature and promotion of the brochure (which was even submitted to the USPTO in connection with the failed attempt to register the deceptively similar Reliable Care Marks) and intentional plan to infringe upon Plaintiff's marks.

22. Plaintiff has also been contacted by finance companies with liens on consumer vehicles that have contracts sold by Defendants utilizing the deceptively similar Reliable Care Marks. The finance companies are confusing VSCs and program utilizing Plaintiff's marks, with those utilizing Defendants' deceptively similar Reliable Care Marks. Such confusion will continue for so long as the VSCs sold under the deceptively similar Reliable Care Marks remain active (typically 3-5 years from the date the VSC was sold to the consumer). As such, Plaintiff will be subject to monitoring and additional costs arising from all contracts marketed, sold and/or administered by Defendants (including potential costs in responding to inquiries or complaints from consumers, Attorney General offices in states where the Defendant's VSCs were marketed/sold arising from consumer complaints, Better Business Bureau complaints, as well as state insurance commissioners/directors/departments). Of particular concern to Plaintiff is the nature of the calls and inquiries from the finance companies, because the VSCs being marketed and/or sold by Defendants (and their agents) are being represented to be a form of insurance in order to qualify for financing for consumers that would not otherwise be available to the consumer (and likely in violation of various state and federal laws).

23. All of the Defendants are (and were at all relevant times complained of herein) aware of Plaintiff's' superior rights to and use of the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks.

24.     The United States Patent and Trademark Office ("USPTO") issued a final refusal to register the deceptively similar mark of Reliable Care Vehicle Protection Plans on April 3, 2017 (Application Serial No. 87199653), a true and correct copy of which is attached hereto as **Exhibit G** and incorporated by reference.  The refusal was not appealed.  The USPTO's final refusal to register the deceptively similar marks was after two additional requests for reconsideration were denied, copies of which are attached hereto as **Exhibit H** and **Exhibit I**, which are incorporated by reference.

25.     Based the USPTO Application Serial No. 87199653, Defendants have admitted and affirmatively acknowledged that they have been infringing upon Plaintiffs marks since at least April 14, 2015.  Defendants did not, however, cease infringing upon Plaintiff's marks despite the USPTO's determinations and refusals to register the deceptively similar Reliable Care Marks, nor after receipt of a separate cease and desist demand.

26.     Reliable Warranty, Reliable Automotive and Newtech (acting in concert with GWhaley, DWhaley and Colon) are and were using names that are deceptively similar to Plaintiff's marks, have caused confusion and will continue to cause confusion, to make it appear as though the Defendants, their goods/services, and Defendants' businesses were the same as Plaintiff's business and/or Plaintiff's products and services, selling and/or administering products and programs bearing Plaintiff's marks, and that Plaintiff would be the administrator of the warranty contract(s) with the consumer(s), or otherwise associated with Defendants or programs offered by Defendants.  Plaintiff did not and does not consent to the use of such, nor is Plaintiff associated with Defendants, administration services offered by Defendants, or any VSCs or programs offered by Defendants.

27.     Plaintiff did not and does not consent to Defendants' use of its marks.  Plaintiff

made demand that Defendants cease and desist from infringing on Plaintiff's marks, a copy of which is attached hereto as **Exhibit J** and incorporated by reference.

28.    Since the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks have been in continuous commercial use by Plaintiff and have attained a well-known status among agents, dealers and consumers familiar with VSCs, Defendant's marketing programs and selling of substitute VSCs under the deceptively similar Reliable Care Marks caused and will continue to cause confusion among the agents, dealers, consumers and financing institutions as to the source of the products. This likelihood of confusion, mistake and deception was (and continues to be) even greater because both Plaintiff and Defendants operate the same type of business (extended automobile warranties) and further operate their businesses over the Internet and using a network of dealers and agents. Even a "Google" search of RELIABLE PROTECTION brings up a reference to Reliable Care Vehicle Protection Plan, Reliable Warranty and Reliable Automotive as related, and vice versa.

29.    Having maintained a good reputation among agents, dealers and consumers for quality and service, Plaintiff has achieved name recognition of its products under the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks. Defendants are capitalizing on that reputation and diverting business opportunities and sales for their own benefit. Furthermore, agents and dealers who have been granted certain rights to sell Plaintiff's products in segments of the automobile market will see Defendants' attempts to broadly market and sell competitive goods and services under the deceptively similar Reliable Care Marks as an attempt by Plaintiff to undercut the markets of agents and dealers marketing and selling VSCs and VSC programs offered by American Guardian utilizing Plaintiff's marks. Thus, Defendants' actions and use of Reliable Care Marks are damaging Plaintiff's marks and interfering

with agent and dealer contracts that enable the marketing and selling of programs utilizing Plaintiff's marks.

30.     Defendants' use of Reliable Care Marks has caused and will continue to cause confusion as to the affiliation, connection, or association of Defendants and their deceptively similar Reliable Care Marks with Plaintiff and Plaintiff's RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks, the VSC programs utilizing Plaintiff's marks, and Plaintiff's warranty administration services.

31.     Defendants' use of the Reliable Care Marks has caused and will continue to cause confusion as to the origin, sponsorship, and/or approval of the Defendants' programs and the VSCs offered under such programs.

32.     Reliable Warranty and Reliable Automotive (acting in concert with Newtech, GWhaley, DWhaley and Colon) intentionally adopted the Reliable Care Marks and Reliablecarewarranty.com name to trade on the name, reputation and goodwill associated with Plaintiff and the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks.

33.     The selection and use of the deceptively similar Reliable Care Marks to Plaintiff's marks by Reliable Warranty, Reliable Automotive, GWhaley, DWhaley and Colon was deliberate and intentional to give their programs and products credibility and instant appeal.

34.     The use and sale of the programs utilizing the Reliable Care Marks for VSCs and administrative services for VSC programs, including the maintenance and promotion of the reliablecarewarranty.com website, indicated falsely to the relevant purchasing public, including agents, dealers and consumers in this District and throughout the United States, that programs offered and VSCs sold by Reliable Warranty and Reliable Automotive (acting in concert with

Newtech, GWhaley, DWhaley and Colon) were affiliated, connected or associated with Plaintiff, or were sponsored, endorsed or approved by Plaintiff, or are related in some manner to Plaintiff and Plaintiff's marks.

35.     Reliable Warranty's, Reliable Automotive's and Newtech's use and marketing of the programs utilizing the Reliable Care Marks for VSCs enabled all of the Defendants to trade on and receive the benefits of the substantial goodwill in VSCs and programs utilizing Plaintiff's marks.

36.     The use and marketing of the programs utilizing the Reliable Care Marks for VSCs and administration services and programs, deprived, and continues to deprive, Plaintiff of the ability to control the nature and quality of the goods and services utilizing Plaintiff's marks, and places the reputation and good will of Plaintiff at least in part in the hands of Defendants, over whom Plaintiff has no control.

37.     The use in interstate commerce of the Reliable Care Marks, and the sale and administration of programs and VSCs in interstate commerce utilizing the Reliable Care Marks, constituted unfair competition and has caused confusion and will continue to cause confusion, mistake and deception of the public (including agents, dealers and consumers in this District), as to the identity, origin, sponsorship or approval of Defendants' products and services, to the damage and detriment of Plaintiff's reputation, goodwill and sales of goods and services utilizing Plaintiff's marks, and caused harm to Plaintiff.

38.     The acts of GWhaley, DWhaley, Colon, Reliable Warranty, Reliable Automotive and Newtech complained of herein have been malicious, deliberate, willful, intentional and in bad faith, committed with full knowledge and conscious disregard of Plaintiff's prior and superior rights in the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and

RELIABLE PREMIER marks.

39.     The acts of GWhaley, DWhaley, Colon, Reliable Warranty, Reliable Automotive and Newtech in infringing upon Plaintiff's marks through the use of agents, dealers and the internet (and, upon information and belief, through mass mailings, phone rooms and deceptive marketing the VSCs as insurance) will destroy the value of the marks and damage the marks to the point that Plaintiff would no longer be able to use the marks for fear of association with Defendants' malicious and unsavory business practices, consumer complaints against Defendants, as well as potential illegal activities associated with phone rooms, marketing practices and mass mailings. Plaintiff does not market to consumers or permit its marks to be associated with VSCs or programs that portray VSCs as insurance (or as an acceptable substitute).  VSCs utilizing Plaintiff's marks are not marketed through mass mailings to consumers or through phone rooms.  Plaintiff has no control over Defendants to ensure that they do not engage or continue to engage in any of the foregoing.

40.     2020 is entitled to damages for the value of all revenues generated in connection with the Reliable Care Vehicle Protection Plan VSC programs, including revenues generated from administrative services and all VSCs sold under any such program utilizing or associated with the deceptively similar Reliable Care Marks as well as the unauthorized use of 2020's marks in an amount, believed to be in the sum of not less than $1,000,000.00 from Defendants, jointly and severally.

**COUNT 1**
**TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT**
**REGARDING REGISTERED MARKS OF RELIABLE PROTECTION, RELIABLE**
**ENHANCED, RELIABLE EXTEND AND RELIABLE PREMIER**

41.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 40.

42.    As set forth in Paragraphs 13-17 above, 2020 is the owner of the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks, the marks are valid and registered with the USPTO and the marks are otherwise protectable under the Lanham Act because of Plaintiff's extensive use of the marks over the years and around the country.

43.    Defendants Reliable Warranty, Reliable Automotive and Newtech (including their members, managers, principals and agents acting in concert with each other), used the Reliable Care Marks in commerce in connection with their goods and/or services, including the "Reliable Care Vehicle Protection Plan" and similar VSC programs under the Reliable Care Marks, without the knowledge or consent of the Plaintiff.

44.    Defendants' use of the Reliable Care Marks constitutes the use in commerce of reproductions, copies and/or imitations of Plaintiff's registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER in connection with the sale, offering for sale, distribution, or advertising of Reliable Warranty and Reliable Automotive's goods or services marketed under the Reliable Care Marks which use is likely to cause confusion and/or mistake, has caused confusion and mistake, and will continue to cause confusion and/or mistake with Plaintiff's registered marks in violation of 15 U.S.C. § 1114(1)(a).

45.    Defendants reproduced, copied and/or imitated the registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER and applied such reproductions, copies and/or colorable imitations to labels, signs, prints, packages, wrappers, receptacles or advertisements, specifically including marketing brochure attached hereto as **Exhibit F**.

46.     Defendants intended to use the reproduced, copied and/or imitated the registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER in commerce and in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods or services (including VSCs, VSC programs and warranty administration services).

47.     Defendants' use of the Reliable Care Marks as reproductions, copies and/or imitations of Plaintiff's registered marks of use of the reproduced, copied and/or imitated the registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER is (a) likely to cause confusion, or to cause mistake, or to deceive, (b) did in fact cause confusion, mistake and deception as exemplified in Paragraphs 18-22 above, and (c) will continue to do so.

48.     Defendants, individually and jointly acting in concert with each other, adopted the Reliable Care Marks with the intention of deriving a benefit from the Plaintiff's marks and business reputation.

49.     Defendants, individually and jointly acting in concert with each other, intentionally adopted and used the Reliable Care Marks to deceive agents, consumers, dealers and finance companies to misrepresent the origin, endorsement or association of Defendant's goods and services with Plaintiff's registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER in violation of 15 U.S.C. § 1114(1)(a).

50.     Each and every Defendant used the Reliable Care Marks, and engaged in activities described above, with the intent to deceive, and did in fact deceive, agents, consumers, dealers and finance companies as to the origin, endorsement or association of Reliable Care Marks (including

the goods and services associated therewith) with Plaintiff's registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER and Plaintiff's business in violation of 15 U.S.C. § 1114(1)(a).

51.     Upon information and belief, each of the Defendants, specifically including GWhaley, DWhaley and Colon, actively participated and intentionally engaged in the activities and events described above, including but not limited to the creation and use of the Reliable Care Marks and marketing materials (which contained copies, reproductions and/or imitations of the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks) for their goods and services with the intention of deriving a benefit from the Plaintiff's marks and business reputation.

52.     Each and every Defendant, specifically including GWhaley, DWhaley and Colon, are jointly and severally liable for the damages caused, and likely to be caused, by their actions and activities, including but not limited to actual damages, special damages, monitoring costs, responses costs and all attorneys' fees incurred in connection therewith.

53.     This is an exceptional case pursuant to 15 U.S.C. § 1117(a) in light of Defendants' intentional activities and willful and reckless disregard for Plaintiff's superior rights in the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks.

54.     Defendants' aforementioned conduct is causing irreparable harm to Plaintiff and its marks, and is otherwise damaging Plaintiff.

## COUNT 2
### TRADEMARK INFRINGEMENT UNDER SECTION 43(a) OF THE LANHAM ACT REGARDING REGISTERED MARKS OF RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND AND RELIABLE PREMIER

55.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically

pleaded herein, the allegations of paragraphs 1 through 54.

56.　　As set forth in Paragraphs 13-17 above, 2020 is the owner of the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks, the marks are valid and registered with the USPTO and the marks are otherwise protectable under the Lanham Act because of Plaintiff's extensive use of the marks over the years and around the country.

57.　　Defendants Reliable Warranty, Reliable Automotive and Newtech (including their members, managers, principals and agents acting in concert with each other), used the Reliable Care Marks in commerce in connection with their goods and/or services, including the "Reliable Care Vehicle Protection Plan" and similar VSC programs under the Reliable Care Marks, without the knowledge or consent of the Plaintiff.

58.　　Defendants' use of the Reliable Care Marks, including the marketing brochure (**Exhibit F**), constitutes false representations regarding the origin, endorsement or association of Defendant's goods and services through the wrongful use of Plaintiff's registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER.

59.　　Defendants' use of the Reliable Care Marks, including the marketing brochure (**Exhibit F**), constitutes the use in commerce of a colorable imitation of Plaintiff's registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods or services marketed and/or sold under the Reliable Care Marks.

60.　　Defendants' use of the Reliable Care Marks, including the marketing brochure (**Exhibit F**), was likely to cause confusion and/or mistake, has caused confusion and mistake as

exemplified in Paragraphs 18-22 above, and will continue to cause confusion and/or mistake with Plaintiff's registered marks.

61.     Defendants, individually and jointly acting in concert with each other, intentionally engaged in the use of the Reliable Care Marks to deceive agents, consumers, dealers and finance companies to misrepresent the origin, endorsement or association of Defendant's goods and services with Plaintiff's registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER in violation of 15 U.S.C. § 1125(a)(1).

62.     Each of the Defendants knew or should have known that use of the Reliable Care Marks was likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants goods and services (including VSCs, VSC programs and warranty administration services) with Plaintiff's registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER and Plaintiff's business.

63.     Each of the Defendants knew or should have known that use of the Reliable Care Marks was likely to cause confusion, cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants goods, services and commercial activities (including VSCs, VSC programs and warranty administration services) with Plaintiff's registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER and Plaintiff's business.

64.     Each and every Defendant used the Reliable Care Marks, and engaged in activities described above, with the actual intent to deceive, and did in fact deceive, agents, consumers, dealers and finance companies as to the origin, endorsement or association of Reliable Care Marks

(including the goods and services associated therewith) with Plaintiff's registered marks of RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER and Plaintiff's business in violation of 15 U.S.C. § 1125(a)(1).

65.     Each of the Defendants, specifically including GWhaley, DWhaley and Colon, actively participated and intentionally engaged in the activities and events described above, including but not limited to the creation and use of the Reliable Care Marks and intentional conduct infringing upon Plaintiff's marks.

66.     Each and every Defendant, specifically including GWhaley, DWhaley and Colon, are jointly and severally liable for the damages caused, and likely to be caused, by their infringing acts, including but not limited to actual damages, special damages, monitoring costs, responses costs and all attorneys' fees incurred in connection therewith.

67.     This is an exceptional case pursuant to 15 U.S.C. § 1117(a) in light of Defendants' intentional activities and willful and reckless disregard for Plaintiff's superior rights in the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks.

68.     Defendants' aforementioned conduct is causing irreparable harm to Plaintiff and its marks, and is otherwise damaging Plaintiff.

## COUNT 3
## VICARIOUS AND CONTRIBUTORY LIABILITY FOR TRADEMARK INFRINGEMENT

69.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 68.

70.     As set forth above, Defendants GWhaley, DWhaley, Colon and Newtech indirectly infringed the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks by conspiring and scheming amongst themselves and with Reliable

Warranty and Reliable Automotive to create, adopt and utilize the deceptively similar Reliable Care Marks in the same line of business as Plaintiff to benefit from Plaintiff's marks and business.

71.     Defendants Reliable Warranty, Reliable Automotive and Newtech (acting in concert with GWhaley, DWhaley and Colon, who are also authorized representatives of each other), intentionally developed and distributed brochures and marketing materials containing numerous references and uses of Plaintiff's marks to actively market and substitute their own VSCs, programs and administration services and passed them off under one or more programs that were likely to be confused with, and intended to be confused with the Plaintiff's marks and business.

72.     As a result of the foregoing, Defendants Newtech, GWhaley, DWhaley and Colon had an apparent or actual partnership arrangement with Reliable Warranty and Reliable Automotive, had authority to bind one another in transactions with third parties or exercised joint ownership or control over in connection with the programs and/or VSCs and other infringing products/services marketed to agents, dealers and consumers by Reliable Warranty and Reliable Automotive (its agents and dealers) and/or administered by Reliable Warranty, Reliable Automotive and Newtech.

73.     The actions and relationship of Defendants Newtech, GWhaley, DWhaley and Colon with Reliable Warranty and Reliable Automotive was more than just that of a third party administrator, without knowledge of or participation in, the infringing activities of Reliable Warranty and Reliable Automotive. Defendants Newtech, GWhaley, DWhaley and Colon also knew of the wrongdoing by their Reliable entities (e.g. trademark infringement and unfair competition) and did not stop it, but rather continued supplying money and assistance. Defendants Newtech, Reliable Warranty and Reliable Automotive are also under common ownership and/or

control through GWhaley, DWhaley and Colon.

74. The actions and relationship of Defendants Newtech, GWhaley, DWhaley and Colon with Reliable Warranty and Reliable Automotive, and their active participation in connection with directly infringing on Plaintiff's marks renders Defendants Newtech, GWhaley, DWhaley and Colon vicariously liable, jointly and severally, for trademark infringement

75. This is an exceptional case pursuant to 15 U.S.C. § 1117(a) in light of Defendants' intentional activities and willful and reckless disregard for Plaintiff's superior rights in the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks.

76. Defendants' aforementioned conduct is causing irreparable harm to Plaintiff and its marks, and is otherwise damaging Plaintiff.

**COUNT 4**
**CYBERPIRACY UNDER LANHAM ACT § 43(d)**

77. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 76.

78. Defendants GWhaley, DWhaley, Colon, Newtech, Reliable Warranty and Reliable Automotive had a bad faith intent to wrongfully and personally profit from Plaintiff's marks and, having no connection with Plaintiff or its marks, began using and promoting the deceptively similar names of Reliable Warranty, Reliable Automotive, the Reliable Care Vehicle Protection Plan, and registering and using in bad faith the domain name "Reliablecarewarranty.com" (and even wrongfully attempted to register the deceptively similar marks). Even after the USPTO refused to register the deceptively similar marks, Defendants have continued to use and promote the deceptively similar marks and continue with the use of the domain name.

79. Plaintiff has been damaged and will continue to be damaged. Therefore, Plaintiff is

entitled to recover against Defendant damages, plus interest and costs in an amount to be proven at trial, and to its attorneys' fees.

80.     Plaintiff is also entitled to and requests injunctive and equitable relief, requiring Defendants to immediately cease and desist from further use of deceptively similar names of Reliable Warranty, Reliable Automotive and the Reliable Care Vehicle Protection Plan for VSCs or other programs and the "Reliablecarewarranty.com" domain name. Given the potential exposure due to confusion of consumers, agents and dealers, Plaintiff also requests a declaratory judgment that it is not associated with or liable on any VSCs marketed, sold or administered by Defendants. Further, Plaintiff is entitled to and demands a full and complete accounting of all customers contacted by and/or sold VSCs by or through Reliable Warranty and Reliable Automotive.

81.     In addition to damages, Plaintiff is entitled to an order from the Court for the forfeiture or cancellation of the reliablecarewarranty.com domain name and the transfer of such to Plaintiff.

82.     This is an exceptional case pursuant to 15 U.S.C. §1117(a) in light of Defendants' intentional activities and willful and reckless disregard for Plaintiff's superior rights in the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks.

**COUNT 5**
**COMMON LAW TRADEMARK INFRINGEMENT**

83.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 82.

84.     Defendants GWhaley, DWhaley, Colon, Newtech, Reliable Warranty and Reliable Automotive have repeatedly used and and/or infringed on (continued to use and infringe on) the

23

RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks without permission.

85.    Plaintiff has at all times and continues to be the owner of the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks, and has registered the marks with USPTO.

86.    The acts and omissions of Defendants in using marks that are deceptively similar to the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks to promote, market or sell products constitutes trademark infringement and unfair competition under the common law of the State of Arizona, in that, among other things, Defendants' use of Plaintiff's marks is likely to cause confusion, mistake and deception among competitors and the purchasing public. Defendant has acted in bad faith and/or deliberately and intentionally to infringe upon Plaintiff's marks, to the damage and detriment of Plaintiff's reputation, goodwill and sales.

87.    Plaintiff is entitled damages, injunctive relief and to recover its reasonable attorneys' fees and costs incurred in this matter pursuant to A.R.S. §§12-341, 44-1451 & 44-1453(J) and or other applicable state law.

88.    Defendants' aforementioned conduct is causing irreparable harm to Plaintiff and its marks, and is otherwise damaging Plaintiff.

## COUNT 6
### ACTION FOR DAMAGES ARISING FROM CIVIL CONSPIRACY
### AGAINST ALL DEFENDANTS

89.    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 88.

90.    Upon information and belief, GWhaley, DWhaley, Colon, Newtech, Reliable Warranty and Reliable Automotive, acting through or in collusion with each other (and potentially

others whose identities are not currently known) obtained copies of Plaintiff's dealer contracts and VSCs and developed and offered similar programs and VSCs with the intent to unfairly and unlawfully compete with Plaintiff under the identical TVP mark and/or deceptively similar names of Reliable Care Vehicle Protection Plan, Reliable Warranty, and Reliable Automotive.

91.    Upon information and belief, Defendants collaborated and conspired to procure and market the infringing programs and substituted VSCs under the identical TVP mark and/or deceptively similar names of Reliable Care Vehicle Protection Plan, Reliable Warranty, and Reliable Automotive and Reliablecarewarranty.com website.

92.    Plaintiff has been and continues to be damaged by these Defendants' conduct. Defendants have profited by their conduct, and unless such conduct is enjoined, Plaintiff will suffer substantial injury, including loss of revenue and customers, dilution of goodwill, confusion of potential customers, injury to 2020's goodwill and reputation, and diminution in the value of the RELIABLE PROTECTION, RELIABLE ENHANCED, RELIABLE EXTEND and RELIABLE PREMIER marks, programs and VSCs. Defendants' conduct has caused irreparable harm and injury in an amount to be determined at trial.

93.    In addition, the Defendants' actions were attended by circumstances of fraud, malice, or willful and wanton conduct thereby entitling Plaintiff to an award of exemplary or punitive damages.

94.    Defendants' aforementioned conduct is causing irreparable harm to Plaintiff and its marks, and is otherwise damaging Plaintiff.

**COUNT 7**
**INJUNCTIVE RELIEF**

95.    Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 94.

96.     Pursuant to Rule 65, Fed. R. Civ. P., and the Court's inherent equitable powers, Plaintiff herein respectfully requests that the Court issue an Injunction and against Defendants.

97.     As a result of Defendants' conduct described herein (including federal and common law trademark infringement, Cyberpiracy Under Lanham Act § 43(a) and civil conspiracy), Plaintiff has sustained and will continue to sustain irreparable injury unless Defendants are enjoined from infringing 2020 Processing's trademarks and from conduct that constitutes false designation of origin and unfair competition.

**WHEREFORE**, Plaintiff demands judgment and relief against Defendants as follows:

A.     For an accounting from Defendants for any and all revenues derived by them from their illegal acts complained of herein;

B.     For an order that Defendants deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material, marketing brochures or the like in possession, custody or under the control of Defendants bearing a mark found to infringe Plaintiff's rights, as well as all plates, matrices, and other means of making the same;

C.     Granting injunctive relief by enjoining Defendants and others affiliated with them and all those in privity or active concert or participation with him, and all those who receive actual notice by personal service or otherwise:

(i) from using the term and identifier Reliable Care Vehicle Protection Plan, Reliable Warranty, and Reliable Automotive and Reliablecarewarranty.com, or substantially similar terms which are confusingly similar to Plaintiff's Marks (i.e., for example and without limitation, Reliable Warranty with Enhanced protections, Reliable Warranty Protection or similar variations);

(ii) from using on the Internet, or in any mass mailings or other marketing materials,

the terms and identifiers of Reliable Care Warranty, Reliable Warranty, and Reliable Automotive and Reliablecarewarranty.com or any substantially similar term as defined in paragraph (C)(i) above, including but not limited to "Reliable Service Protection Plan" and "Reliable Warranty Protection Plan";

D.     For an order declaring that Plaintiff is not associated with or in any manner liable for any actions or contracts of Defendants and is not associated with Reliable Warranty, and Reliable Automotive and Reliablecarewarranty.com or any VSCs marketed and sold under a Reliable Warranty and/or Reliable Automotive program;

E.     For an order compelling Defendants to provide a full and complete accounting of all customers contacted by and/or sold VSCs by (or attributed to) Reliable Warranty and Reliable Automotive in the various states where Defendants marketed and sold VSCs under a Reliable Warranty and Reliable Automotive program.

F.     For an order compelling Defendants to provide a full and complete accounting of all dealers and agents affiliated with or signed up to sell VSCs under a Reliable Warranty and Reliable Automotive program or affiliation.

G.     For damages in an amount to be determined at trial, representing the proceeds of products sold and administered, less any reduction allowable and provable by Defendant;

H.     For all other damages allowable by law (including treble damages) as provided in 15 U.S.C. §§1114, 1125(a), 1125(c)(5) & 1117(a)(3), and A.R.S. §44-1453(J);

I.     For a declaration from the Court that this is an exceptional case;

J.     For Plaintiff's costs and reasonable attorneys' fees as provided under 15 U.S.C. §§1125 & 1117, and A.R.S. §§12-341, 44-1451 & 44-1453(J).

K.     For punitive damages in an amount to be determined at trial; and

  L.  Any other relief as the Court may deem just.

DATED this 29th day of September, 2017.

          2020 PROCESSING, LLC, an Arizona Limited
          Liability Company


          By:   /s/ Joseph W. Barber   
          Joseph W. Barber
          HOWARD & HOWARD ATTORNEYS
          200 S. Michigan Ave. #1100
          Chicago, IL 60604
          (312) 456-3648
          (312) 456-3414
          jwbarber@howardandhoward.com

          Attorneys for 2020 Processing, LLC

## VERIFICATION

I, Robert J. Konzen, Jr., declare:

I am the Manager of 2020 Processing, LLC, the Plaintiff in this action. I have read the foregoing First Amended Verified Complaint Re Trademark Infringement and have personal knowledge of the contents thereof or have investigated matters in my role as Manager sufficient to provide this verification on behalf of the company. The matters are true and correct to the best of my knowledge and information.

I have reviewed each of the exhibits cited in the Verified Complaint Re Trademark Infringement and attached thereto. Each such Exhibit is a true and correct copy of an electronic document or image that I viewed or discovered or is a summary of such documents.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge.

Executed this 29th day of September, 2017.

Robert J. Konzen, Jr.,
Manager of 2020 Processing, LLC

4836-7594-1713, v. 1